STATE *ex rel.* COLEMAN *v.* BRANDON *et al.*

(*Nashville,* December Term, 1949.)

Opinion filed April 29, 1950.

T. L. COLEMAN, of Lewisburg, for the relator.

J. SHELBY COFFEY, JR., of Columbia, for Mrs. Porter.

THURMAN THOMPSON, of Lewisburg, and BAYARD. S. TARPLEY, of Shelbyville, for appellee.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

T. L. Coleman filed his original bill in the chancery court of Marshall County, suing for the use and benefit of Marshall County, against J. M. Taylor individually and as county judge of Marshall County, M. R. Brandon individually and as Justice of the Peace, G. T. Brandon individually and as county attorney, Forrest Gates and H. C. Gates individually and as Justices of the Peace for said county. The suit was to recover $2,079.75 alleged to have been unlawfully paid to M. R. Brandon for collecting $27,730.49 due the county from the State and to recover the same amount unlawfully to have been paid to Forrest Gates.

All defendants demurred to the bill upon substantially the same grounds. The Chancellor sustained J. M. Taylor's demurrer and overruled the demurrers filed by the

other defendants. The complainant appealed from the decree sustaining Taylor's demurrer. Prior to sustaining the demurrer of J. M. Taylor the court permitted Coleman to amend his bill so as to allege that the suit was brought on relation of the State of Tennessee for the use of the county, etc., also that Coleman sued as a taxpayer and that by reason of the unlawful acts of the defendants his tax would be increased, etc., thus taking the case out of the rule announced in *Patton* v. *City of Chattanooga,* 108 Tenn. 197, 65 S. W. 414.

Among the several grounds of the demurrer which we deem necessary to consider are the following: (1) the bill shows on its face that the defendant was acting in the presence of and under the immediate direction of the Quarterly County Court; (5) complainant is not entitled to bring this suit because the right, if any, lies in favor of the Quarterly County Court; (6) the bill does not show that complainant was authorized to bring this suit.

The effect of the Chancellor's decree is to determine the liability of J. M. Taylor personally and in his official capacity as county judge. While the decree of the Chancellor does not recite that he sustained each and every ground of the demurrer we think the grounds above recited were sufficient to justify the decree.

Pending appeal to this Court the complainant, Coleman, died, and a motion was made by appellant's counsel to revive the cause in the name of Elizabeth Pyland Porter, who claims to be a taxpayer. On March 14, 1950. a bond was filed with the record signed by Elizabeth Pyland Porter and others in the sum of $250.00, "to be void if the said Elizabeth Pyland Porter shall prosecute with effect a suit in the Supreme Court of Tennessee,

320

appealed from a decree of the Chancery Court at Lewisburg, which suit, originally styled *State of Tennessee, ex rel. T. L. Coleman v. M. R. Brandon et al.,* is to be, or has been, revived in the name of Elizabeth Pyland Porter as relator in the room and stead of the former sole relator, now deceased."

Of course, she is not the personal representative of the deceased Coleman, and the cause could not be revived in her name as his personal representative, or as relator in his place and stead as relator.

The effect of the motion is not to revive the cause in the name of Coleman's personal representative, but for this Court to enter an order granting her permission to be substituted as a complainant and appellant in the place and stead of Coleman. We know of no authority for any such procedure in this Court and the motion is accordingly denied. The result is that the suit abates. Another reason for denying the motion is that if the Chancellor was correct in sustaining the demurrer to Coleman's suit against Taylor, it would have to be affirmed regardless of who may be permitted to stand in his place and stead as relator.

We pretermit the question as to the authority of Coleman to sue as a taxpayer for the use and benefit of Marshall County, since the decree is affirmed upon other grounds stated in this opinion.

All concur.